UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 2:25-cr-17

JOSHUA BRIAN KUEHN,              Hon. Hala Y. Jarbou

    Defendant.
_____/

**ORDER GRANTING FIRST ENDS OF JUSTICE CONTINUANCE**

    This matter is before the Court on Defendant's request for an ends of justice continuance of the final pretrial conference and trial to dates after April 1, 2026 (ECF No. 21). The request for a continuance was made to allow additional time for Defense Counsel to conduct further investigation into the offense conduct, which is over 10 years old; to meet with Defendant; and to consult or retain experts. Although the motion indicates that Defendant has consented to the request for a continuance, the consent form attached to the motion is unsigned (ECF No. 22-1). Defense Counsel is to separately file signed Consent for Adjournment upon receipt of same.

    The Court finds that the ends of justice served by the granting of a continuance outweighs the best interest of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv). Having considered the factors under § 3161(h)(7)(B) and the circumstances set forth in the motion, the Court finds that the additional time needed is warranted, and a miscarriage of justice would result absent the continuance. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (B)(iv). Accordingly,

    **IT IS ORDERED** that Defendant's Motion for Ends of Justice Continuance (ECF No. 21) is **GRANTED**, contingent upon Defense Counsel's filing of signed Consent for Adjournment by **December 18, 2025**.

**IT IS FURTHER ORDERED** that the jury trial in this matter shall commence on **April 13, 2026, at 9:00 AM**, at the U.S. District Court in Marquette, Michigan, before the undersigned. Counsel and the parties shall be present in the courtroom at **8:30 AM** to address preliminary matters.

**IT IS FURTHER ORDERED** that a final pretrial conference is set for **March 18, 2026, at 10:00 AM**, via video conference before the undersigned. Counsel who will try this case shall appear at the final pretrial conference. The attendance of Defendant is required unless specifically waived.

**IT IS FURTHER ORDERED** that all 12(b) motions shall be filed on or before **February 11, 2026**. All pretrial motions and/or motions in limine shall be heard at the time of the final pretrial conference unless otherwise notified by the Court. Motions in limine must be filed no later than twenty−one (21) days prior to the final pretrial conference. Counsel must confer in good faith to resolve the disputed motions in limine before the filing.

**IT IS FURTHER ORDERED** that at the final pretrial conference the parties shall:

1. Discuss any legal issues including motions in limine or other evidentiary issues which may arise during the course of trial.

2. Enter into stipulations of uncontested facts.

3. Disclose the identity of all expert witnesses and agree, if possible, upon the qualifications of expert witnesses.

4. Agree, if possible, upon the admissibility of exhibits. The parties shall mark their exhibits for identification prior to the final pretrial conference.

5. Advise the court of the number of witnesses expected to be called at trial.

6. Review jury selection procedure.

7. If not previously made available to the other party, the government and defendant shall make available to each other at the final pretrial conference pursuant to Fed. R. Evid. 1006 all summaries which the party intends to introduce into evidence plus duplicates of the supporting documents which have been summarized.

**IT IS FURTHER ORDERED** that each party shall file the following not later than **five (5) business days** prior to the **final pretrial conference**:

1. Submit proposed voir dire questions.  The Court will ask basic voir dire questions.  Counsel for the parties will be permitted to question prospective jurors.  Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

2. Submit trial briefs and discuss legal issues which may arise at the trial.

**IT IS FURTHER ORDERED** that parties shall jointly file the following not later than **five (5) business days** prior to the **final pretrial conference**:

1. Submit a joint statement of the case defining the nature of the alleged offense and the elements of that offense.

2. Submit a joint set of jury instructions, proposed verdict form(s), and a brief statement of the nature of any disputes relative to the jury instructions.  This Court uses the 6th Circuit Pattern Criminal Jury Instructions (West Publishing).  Standard instructions shall be submitted in the following form: full text, one instruction per page, completely typed out with all blanks completed, ready for submission to the jury.  Other non−standard instructions shall be submitted in a similar fashion and include reference to the source of each requested instruction.  Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reasons for each objection.  Prior to the final pretrial conference, the parties shall meet and confer regarding jury instructions.  The parties must identify the instructions upon which they agree and disagree.

   The parties must submit a copy of the joint jury instructions and joint proposed verdict form(s) compatible with Microsoft Word by e−mail to the undersigned's chambers at Jarbou_Chambers@miwd.uscourts.gov.  These should be clean copies with no attorney information.

**IT IS SO ORDERED.**

Dated: December 10, 2025               /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE