UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

JOSHUA BRIAN KUEHN,

      Defendant.

_____/

No. 2:25-cr-17

Hon. HALA Y. JARBOU
Chief U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Joshua Brian Kuehn and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count 3 of the Indictment. Count 3 charges Defendant with Sexual Exploitation of a Child in violation of Title 18, United States Code, Section 2251(a), (e).

2.     <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2251(a), (e) the following must be true:

**First**, that Defendant employed, used, persuaded, induced, or enticed a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempted to do the same; and

**Second**, at least one of the following:

(a) Defendant knew or had reason to know that the visual depiction would be transmitted using any means or facility of interstate commerce; or

(b) The visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate commerce by any means, including computer; or

(c) The visual depiction was transmitted using any means or facility of interstate commerce or in or affecting interstate commerce.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.      Defendant Understands the Penalty. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a), (e) is the following:  30 years of imprisonment; at least 5 years and up to a lifetime period of supervised release; a fine of $250,000; mandatory special assessments of $100 and $5,000; and an additional special assessment of up to $50,000.

4.      Mandatory Minimum Sentence. The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), (e), is 15 years' imprisonment.

5.      Offender Registration. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works,

and attends school. Defendant understands that failure to register may subject him to prosecution.

6.   Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation.

a.   Assessment. Defendant agrees to pay the special assessments on the day of sentencing.

b.   Restitution. Defendant understands that the Court will order restitution as authorized by law for the count of conviction. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant agrees that the restitution order is not restricted to the victim or conduct alleged in the count to which Defendant is pleading guilty and includes all losses and victims of dismissed counts and other uncharged relevant conduct. Defendant agrees that the Court shall use 18 U.S.C. § 2259 when calculating restitution for victims of dismissed counts or uncharged conduct. The amount of restitution is currently unknown and will be determined by the Court at sentencing. Defendant agrees to pay restitution to the fullest extent possible at or before the time of sentencing by submitting funds to the Clerk of Court.

c.   Financial Cooperation. Defendant also:

i.   agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

7.    Supervised Release Defined.    Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Asset Forfeiture and Financial Accountability. Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of Defendant's illegal activities. Defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result

4

of the offense charged in Count 3 of the Indictment. Defendant further agrees to forfeit all rights, title, and interest in and to such items.

Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

Defendant also consents to the administrative forfeiture by Homeland Security Investigations of: an Apple iPhone 16 with serial number KQYQJGQHGX. By consenting to administrative forfeiture, Defendant hereby waives any and all claims available to him in the administrative forfeiture proceeding, including any claim to timely notice and timely initiation of the administrative forfeiture proceeding.

9.    Consent to Have United States Magistrate Judge Preside Over Guilty Plea. Defendant hereby acknowledges the following: that he understands the federal charges against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of his attorney and the Assistant United States Attorney. Understanding these rights, Defendant freely and voluntarily

5

consents to having a United States Magistrate Judge preside over the guilty plea hearing and gives up his right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

10.    Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> On or about January 28, 2013, in response to emails sent by Minor 1, who was then 16 years old and living in Kent County, in the Western District of Michigan, Defendant commented—among other things—that he "love[d] seeing ALL of [his] baby." Then, on or about January 29, 2013, Minor 1 sent Defendant an email with photos showing the lascivious exhibition of her genitals and anus. Defendant responded, "Amazing baby...you are so good to me!" Defendant had reason to know the photos of Minor 1 engaging in sexually explicit conduct would be transmitted over the internet, by email. And the photos of Minor 1 were actually transmitted over the internet, by email.

11.    Cooperation in Criminal Investigations.    Defendant agrees to fully cooperate with the Homeland Security Investigations, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction.    Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant

6

tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

12.     Dismissal of Other Counts. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

13.     Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it

subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.   Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

14.    Protection for the Proffered/Cooperative Statements.   The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer, and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer.   It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

15.    Prison Placement.  The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution.   Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

16.    <u>Possibility of Sentence Reduction Motions.</u>    The    U.S.    Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure.  Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others.  The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office.  Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence.  Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government, would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance.  Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum.  Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

9

17.    The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

18.    There is No Agreement About the Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

19.    Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial

10

by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c.    The right to confront and cross-examine witnesses against Defendant.

d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.    By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

20.    Waiver of Appellate Rights. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

11

21.    FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

22.    Hyde Waiver. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

23.    The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

24.    This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This

12

agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

25. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

26. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

27. <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's

13

Office by 5:00 PM ET on 4/20/2026, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

*Remainder of page intentionally left blank*

14

*United States v. Kuehn*
Case No. 2:25-cr-17
Plea Agreement Signature Page


4-20-2026

Date

TIMOTHY VERHEY
United States Attorney

HANNA L. RUTKOWSKI
Assistant United States Attorney

      I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.


4/19/2026

Date

JOSHUA BRIAN KUEHN
Defendant

      I am Joshua Brian Kuehn's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

April 20, 2026

Date

PETER A. VANGELDEREN
CHIP E. CHAMBERLAIN
Attorneys for Defendant